**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

BULLDOG NATIONAL RISK RETENTION GROUP, INC.,

Plaintiff,

CASE NO.

vs.

R.C SONIC TRUCKING LLC, BRANDON K. WILLIAMS, and REYNALDO ORDONEZ JR.,

Defendants
______________________________________ /

# COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Bulldog National Risk Retention Group, Inc. ("Bulldog"), sues R.C Sonic Trucking LLC ("R.C Sonic"), Brandon K. Williams ("Williams"), and Reynaldo Ordonez Jr. ("Ordonez") (collectively the "Defendants") for declaratory relief as follows:

## JURISDICTION AND VENUE

1. Bulldog brings this action for declaratory judgment pursuant to 28 U.S.C. § 2201, seeking declaratory relief concerning an insurance dispute relating to claims arising out of a July 26, 2024 automobile accident and a resulting underlying lawsuit.

2. Bulldog is a foreign Corporation organized under the laws of the State of North Carolina, domiciled in and with its principal place of business in North Carolina.

3. R.C Sonic is a Florida limited liability company organized under the laws of Florida, domiciled in and with its principal place of business in Orlando, Florida.

4. According to R.C Sonic's Annual Report, the sole members of R.C Sonic are Josue Joseph and Neisa Russell.

5. Josue Joseph is a citizen of the State of Florida, domiciled in Orange County,

Florida.

6. Neisa Russell is a citizen of the State of Florida, domiciled in Orange County, Florida.

7. Williams is a citizen of the State of Florida, domiciled in Osceola County, Florida.

8. Ordonez is a citizen of the State of Florida, domiciled in Miami-Dade County, Florida.

9. This Court has original jurisdiction pursuant to the provisions of 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000.00 because, *inter alia*, Ordonez seeks to recover the at-issue policy limits of $1,000,000, and there is complete diversity of citizenship between the plaintiff and the defendants.

10. Venue is appropriate in the Southern District of Florida as at least one of the Defendants resides there and the at-issue automobile accident occurred in Miami-Dade County, Florida.

11. An actual justiciable controversy between Bulldog and the Defendants exists within the meaning of 28 U.S.C. § 2201, regarding whether Bulldog has a duty to defend and therefore a duty to indemnify under its insurance policy and with respect to the claims asserted by Ordonez as is described in greater detail below.

## THE FACTS

12. On July 26, 2024, Williams was operating a 2017 International Truck with Vehicle Identification Number 3HSDJSNR3HN677619 (the "Subject Vehicle").

13. On July 26, 2024, Williams was involved in a motor vehicle accident with an automobile operated by Ordonez (the "Incident").

14. Subsequently, Ordonez submitted claims to Bulldog for alleged injuries arising from the Incident.

15. Ordonez filed a lawsuit concerning the Incident styled *Reynaldo Ordonez Jr. v. J.V Express Trucking, LLC, R.C Sonic Trucking LLC, and Brandon K. Williams*, pending in the Eleventh Judicial Circuit in and for Miami-Dade County under case number 2025-005724-CA-01 (the "Underlying Lawsuit"). A true and correct copy of the complaint in the Underlying Lawsuit is attached as **Exhibit "A."**

## THE POLICY

16. Bulldog issued a Commercial Auto Insurance Policy to R.C Sonic under Policy No. ATG-FL-0006796-24, which was in effect from January 16, 2024, through January 16, 2025 (the "Policy"). A true and correct copy of the Policy and pertinent endorsements in effect at the time of the Incident is attached as **Exhibit "B."**

17. The Policy contains a Scheduled Driver Endorsement.

18. The Policy contains a Limitation of Coverage to Scheduled Vehicles Only Endorsement.

19. The Policy contains the following pertinent provisions:

**PART I - LIABILITY TO OTHERS**

**INSURING AGREEMENT - LIABILITY TO OTHERS**

Subject to the Limits of Liability, if you pay the premium for liability coverage for the insured auto involved, we will pay damages, other than punitive or exemplary damages, for bodily injury, property damage, and covered pollution cost or expense, for which an insured becomes legally responsible because of an accident arising out of the ownership, maintenance or use of that insured auto. However, we will only pay for the covered pollution cost or expense if the same accident also caused bodily injury or property damage to which this insurance applies.

We will settle or defend, at our option, any claim or lawsuit for damages covered by this Part I. We have no duty to settle or defend any lawsuit, or make any additional payments, after the Limit of Liability for this coverage has been exhausted by payment of judgments or settlements.

***

## LIMITATION OF COVERAGE TO SCHEDULED VEHICLES ONLY

This policy provides liability coverage only for those specific "autos" identified on the Schedule of Vehicles, which is part of the policy, either identified on the declaration page or the vehicle schedule, by make, model, year and VIN.

If the Named Insured operates or owns any other "autos" , including power units or trailers, which are associated with that Named Insured in the Federal Motor Carrier Safety Administration (FMCSA) Safety and Fitness Electronic Records System (SAFER), those "autos" are specifically excluded from coverage of any kind under the policy unless and until those "autos" are scheduled by endorsement under this policy as covered scheduled "autos" and an additional premium is paid for that additional coverage.

All other terms, conditions, exclusions and limitations of the policy remain in effect.

***

## SCHEDULED DRIVER ENDORSEMENT

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

The Policy shall provide no coverage while a scheduled 'auto' is being used or operated by any individual other than the drivers listed in the Scheduled Driver Endorsement. No coverage shall be provided under the terms of this Policy to any individual operating a scheduled 'auto' who has not been underwritten and approved by the Company and listed herein.

Drivers shall be scheduled as approved drivers, subject to underwriting review and approval. Driver(s) will be added to the Policy at 12:01 am, 2 business days following the Company's receipt of written request from the insured to endorse a driver(s), subject to underwriting approval. No changes will be accepted via a telephone request. Written request must include (requests may be faxed or emailed to the Company):

1. A clear copy of current driver license and MVR Abstract.
2. Effective Date.
3. Policy Number and Name of the insured.

**SUMMARY OF DRIVER QUALIFICATIONS**

Minimum underwriting guidelines require the following terms to be met by each applicant:

1. Driver shall be between the ages of 25 and 65 years old. Drivers over the age of 65 may be eligible for approval upon the Company's review of the driver's medical statement.

2. No driver shall have accumulated more than 3 violations. MVR's are subject to the Company's review at any time during the term of the Policy. The total eligibility points shall be prior to any forgiveness earned. It is, however, the responsibility of the insured to notify the Company of any infractions or violations that would cause one of it's drivers to become non-qualified for coverage under the Company's underwriting guidelines.

3. Hold a current valid commercial driver's license applicable to the class of the vehicle operated for at least 2 years. If the applicant had a license from more than one state in the past two years, it is the applicant's responsibility to provide proofs of out of state license

4. A driver(s) driving rights must not have been suspended during the last year.

5. A driver(s) must not have any DUI/DWI convictions or any major violations within the past five years.

6. A driver(s) may not have more than 1 at fault accident within 3 years.

7. A driver may be disqualified if it is determined that he/she has been convicted or pled guilty to violations of any motor vehicle code and shows a propensity to be reckless or indifferent to the public health, safety or welfare of others.

8. A driver(s) must be certified to be physically and mentally fit by a health care provider. Company reserves its right to require a copy of medical certification during the term of the policy and at inception.

Drivers not meeting minimum underwriting guidelines will not be endorsed, unless approved by underwriting. It is the policy holder's responsibility to ensure that all its drivers are listed and qualified under this endorsement.

It is an express condition of this policy that non-scheduled and non-approved drivers will not operate insured vehicles, and if liability arises from such operation it is the Insured's responsibility. Any costs incurred by Bulldog National Risk Retention Group, Inc. as a result of claims arising out of the operation of insured vehicles by non-insured and/or non-approved drivers will be reimbursed to the Company by the Insured within 15 days of the demand.

***

**SCHEDULED DRIVER COVERAGE LIMITATION**

It is warranted by the Named Insured that drivers utilized in the "insured's" operation are specifically identified and scheduled in the policy.

No coverage is provided for any claim arising from an "accident" or "loss" involving a motorized vehicle being operated by an unscheduled driver. This includes any claim for damages made against any Named Insured, resident relative, or any other person or organization that is vicariously

liable for an accident or loss arising out of the operation of a motorized vehicle by a driver unscheduled on the policy.

Should the Company pay sums the "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto" and it is subsequently discovered the "accident" involved unscheduled drivers, the Company reserves the right to seek reimbursement from the Named Insured of all sums paid, to the extent permitted by law.

LIST OF DRIVERS:

| # | Name | St | DL # | DOB |
|---|---|---|---|---|
| 1 | ELIE JEAN | FL | J************ | XX/XX/XXXX |

***

20. At the time the Policy was issued and at the time of the Incident, Williams was not a scheduled driver under the Policy.

21. At the time the Policy was issued and at the time of the Incident, the Subject Vehicle was not a scheduled auto.

22. Bulldog is presently handling the Underlying Lawsuit subject to a full and complete reservation of rights. As a result, Bulldog has incurred and will continue to incur expenses associated with the investigation, defense and handling of the claims and Underlying Lawsuit.

23. Although Williams is not identified in the Policy as a Scheduled Driver at the time of the Incident and despite the Subject Vehicle not being a scheduled auto in the Policy, upon information and belief, one or more defendants nevertheless believe there is coverage for the claims arising out of the Incident under the Policy.

24. Ordonez is a proper party since his interests, if any, may be affected by this Court's declaration.

25. All conditions precedent to bringing this action have been performed or otherwise waived.

**COUNT I – NO COVERAGE AS WILLIAMS WAS NOT A SCHEDULED DRIVER UNDER THE POLICY**

26. Bulldog realleges paragraphs 1 through 25 as paragraph 26 of Count I.

27. The Policy states that the Policy "shall provide no coverage while a scheduled 'auto' is being used or operated by any individual other than the drivers listed in the Scheduled Driver Endorsement."

28. The Incident and the Underlying Lawsuit involve a vehicle driven by Williams.

29. The complaint in the Underlying Lawsuit specifically alleges that at the time of the Incident, Williams "was operating a 2017 International red tractor truck bearing VIN 3HSDJSNR3HN677619." Ex. A ¶ 8.

30. At the time of the Incident, Williams was not listed in the Scheduled Driver Endorsement.

31. Accordingly, the Policy does not provide coverage for any claims and/or lawsuits arising from the Incident, including the Underlying Lawsuit.

WHEREFORE, Bulldog National Risk Retention Group, Inc. respectfully requests that this Court find and declare that it does not have a duty to defend, and therefore no duty to indemnify, for any claims arising out of the Incident, including the Underlying Lawsuit, since Williams was not a scheduled driver.

**COUNT II – NO COVERAGE AS THE SUBJECT VEHICLE WAS NOT A SCHEDULED AUTO UNDER THE POLICY**

32. Bulldog realleges paragraphs 1 through 25 as paragraph 32 of Count II.

33. The Policy states that the Policy "provides liability coverage only for those specific "autos" identified on the Schedule of Vehicles, which is part of the policy, either identified on the declaration page or the vehicle schedule, by make, model, year and VIN."

34. The Incident and the Underlying Lawsuit involve a 2017 International Truck with Vehicle Identification Number 3HSDJSNR3HN677619.

35. At the time of the Incident, one vehicle was scheduled on the Policy: a 2015 Kenworth bearing Vehicle Identification Number 1XKYDP9X4FJ975947.

36. Ordonez's complaint in the Underlying Lawsuit specifically alleges that at the time of the Incident, Williams was driving the Subject Vehicle. Ex. A ¶ 8.

37. At the time of the Incident, the Subject Vehicle was not a scheduled auto under the Policy.

38. Accordingly, the Policy does not provide coverage for any claims and/or lawsuits arising from the Incident, including the Underlying Lawsuit.

**COUNT III – NO COVERAGE PURSUANT TO THE NON TRUCKER LIABILITY EXCLUSION ENDORSEMENT**

39. Bulldog realleges paragraphs 1 through 25 as paragraph 39 of Count III.

40. The Policy contains the Non Trucker Liability Exclusion Endorsement, which precludes coverage for "any claim for property damage, bodily injury, or any other claim which arises from an occurrence where the power unit is not under dispatch or is not hauling cargo."

41. The Subject Vehicle was not hauling cargo at the time of the Incident.

42. Neither Williams nor the Subject Vehicle were under dispatch at the time of the Incident.

43. Accordingly, and by operation of the Non Trucker Liability Exclusion Endorsement, coverage is precluded for all claims or lawsuits arising from the Incident, including the Underlying Action.

WHEREFORE, Bulldog National Risk Retention Group, Inc. respectfully requests that this Court find and declare that it does not have a duty to defend, and therefore no duty to indemnify, for any claims arising out of the Incident, including the Underlying Lawsuit, pursuant to the Non trucker Liability Exclusion Endorsement.

Dated: September 15, 2026

**HINSHAW & CULBERTSON LLP**

*/s/ Brittney Savino*
**PEDRO E. HERNANDEZ**
Florida Bar No. 360589
phernandez@hinshawlaw.com
**BRITTNEY SAVINO**
Florida Bar No. 118898
bsavino@hinshawlaw.com
**BIANCA DE PAULIS**
Florida Bar No. 1049215
bdepaulis@hinshawlaw.com
2811 Ponce de Leon Boulevard, Suite 1000
Coral Gables, FL 33134
Telephone: 305-358-7747
Facsimile: 305-577-1063
*Counsel for Plaintiff*